R. L. MYERS Adm'r., v. W. D. CREDLE.

Where the defendant in a writ of replevin was not in possession of the thing sued for at the time the writ was issued, and refused to give bond, no recovery can be had against him.

Third persons, who after the issuing of a writ of replevin come forward and give the bond and receive possession of the thing sued for, from the plaintiff, are not liable to a recovery in such action.

REPLEVIN, tried before *Jones, J.* at Spring Term 1869 of the Superior Court of BEAUFORT.

At the time when the writ was served upon the defendant Credle, the schooner, the subject of the suit was in the possession of Respass, a Constable, who had seized it by virtue of an execution; and Credle refused to give bond. It remained in the possession of the Sheriff, or of the plaintiff, for several weeks afterwards, when one J. R. Selby and one Robert Lupton appeared and claimed it as their property, and it was delivered up to them by the plaintiff's attorney, upon their giving bond. The plaintiff claimed a verdict against Credle, and also against Selby and Lupton.

The Court charged the jury that if Credle refused to give any replevy bond, and abandoned all claim to the vessel, and that, if afterward the plaintiff, by himself or his attorney, voluntarily surrendered the vessel to Selby and Lupton upon their giving the bond referred to, the plaintiff could recover neither against Credle, nor against Selby and Lupton in this suit.

The plaintiff's counsel excepted. Verdict for defendant; Rule for a new trial; Rule discharged; Judgment and appealed.

*Carter,* for the appellant.
*Phillips & Merrimon,* contra.

READE, J. I. The plaintiff cannot recover against the defendant Credle, because at the time the writ was issued he was not in possession of the property, and did not have the control of the same, Rev. Code, ch., 98, sec. 1.

II. The plaintiff cannot recover agaist Selby and Lupton, because they are not parties to the suit. The fact that the plaintiff surrendered the property to them upon their entering into bond "to perform the final judgment in the suit" did not make them parties. Whether there is any remedy against them upon their bond, in some other proceeding against them, is not before us.

There is no error. There will be judgment here for defendant.

PER CURIAM.                    Judgment affirmed.